PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRESSROOM UNIONS' WELFARE FUND and :
INCOME SECURITY ANNUITY FUND, by their :
Trustees, : 07 Civ. 7603 (VM)
 :
 Petitioners, :
 : **VERIFIED PETITION TO**
 - against - : **CONFIRM ARBITRATION**
 : **AWARDS**
EFFICIENCY PRINTING CO. INC., :
 :
 Respondent. :
----------------------------------------------------------------X

        Petitioners, the Pressroom Unions' Welfare Fund and Income Security Annuity Fund (the "Funds"), by and through their attorneys, Proskauer Rose LLP, respectfully allege as follows:

        1.     This is a proceeding brought by the Trustees of the Funds to confirm awards issued in arbitration proceedings between petitioners Funds and respondent Efficiency Printing Co. Inc. ("Efficiency"). Jurisdiction of this Court is based on section 301 of the Labor-Management Relations Act of 1947, as amended (29 U.S.C. § 185) (the "Taft-Hartley Act"), section 9 of the Federal Arbitration Act, as amended (9 U.S.C. § 9), and sections 502(a)(3), 502(e) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1132(e) and 1145) ("ERISA").

2. Petitioners Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with section 302(c)(5) the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various health, welfare, annuity and life insurance benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the printing industry and the Graphic Communications Union Local 51-23M G.C.I.U.-A.F.L.-C.I.O. (the "Union"). The Funds maintain their offices and are administered at 31 West 15th Street, New York, New York 10011.

3. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this proceeding in their fiduciary capacity.

4. Respondent Efficiency is a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Respondent Efficiency maintains its offices at 126 South Lexington Avenue, White Plains, New York 10606.

5. Respondent Efficiency contractually agreed with the Union to be bound by the terms of a collective bargaining agreement with the Union (the "CBA") (annexed hereto as Exhibit A).

6.    Pursuant to the CBA, respondent Efficiency agreed to pay monthly contributions to the Funds for all of its covered employees.

7.    Respondent Efficiency failed to pay its required monthly contributions to the Funds for its covered employees for the months of June 2006 through April 2007.

8.    As a result of respondent Efficiency's aforesaid failure to make payment, the Funds served respondent Efficiency with demands for arbitration by certified mail, return receipt requested, for each such failure.

9.    As indicated on the attached arbitration awards (the "Awards") (annexed hereto as Exhibit B), the following arbitration hearings were held:

- August 31, 2006 for contributions owed for the month of June 2006;
- September 28, 2006 for contributions owed for the month of July 2006;
- October 30, 2006 for contributions owed for the month of August 2006;
- November 30, 2006 for contributions owed for the month of September 2006;
- December 21, 2006 for contributions owed for the month of October 2006;
- January 30, 2007 for contributions owed for the month of November 2006;
- February 26, 2007 for contributions owed for the month of December 2006;
- March 29, 2007 for contributions owed for the month of January 2007;
- May 30, 2007 for contributions owed for the months of February and March 2007; and
- June 28, 2007 for contributions owed for the month of April 2007.

10.    The Funds were present at each hearing. Respondent Efficiency failed to appear. The amount of respondent Efficiency's delinquencies, as submitted by the Funds, was uncontested by respondent.

11. After having provided the parties with full and ample opportunity to appear and to present evidence with arguments in support of their respective positions, the Arbitrator issued the attached Awards.

12. The Funds sent each of the Awards to respondent Efficiency by certified mail, return receipt requested.

13. As of the date of this Petition, none of the delinquent contributions contractually due to the Funds and no part of the Awards in favor of the Funds have been paid by respondent Efficiency.

14. Respondent Efficiency's failure to make payment constitutes a violation of the CBA and section 515 of ERISA (29 U.S.C. § 1145).

15. As a result of respondent Efficiency's failure to comply with its contractual and statutory obligations, petitioners Funds have been required to employ counsel to enforce the Awards.

16. This Petition is brought within one year after the issuance and delivery of the Awards, none of which has been vacated or modified on any ground.

WHEREFORE, petitioners Funds respectfully request that an order be entered confirming the Awards in all respects, and directing that judgment be entered against respondent Efficiency for:

(a) $37,594.42 for unpaid contributions;

(b) $11,278.33 for fifteen percent (15%) interest and fifteen percent (15%) liquidated damages on the unpaid contributions, as set forth in the Awards;

(c) $9,373.70 for reasonable costs and expenses in connection with the arbitration hearings, as set forth in the Awards;

      (d)    $2,850.11 for interest at the rate of one and one-quarter percent (1¼ %) per month on the unpaid contributions from the date of the Awards, as set forth in the Awards;

      (e)    the reasonable attorneys' fees and costs incurred by the Funds in connection with this Petition, pursuant to § 502(g)(2) of ERISA; and

      (f)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 22, 2007

                          PROSKAUER ROSE LLP
                          Attorneys for Petitioners

                          By: /s/ Sally L. Schneider
                              Sally L. Schneider
                          1585 Broadway
                          New York, New York 10036
                          (212) 969-3803

                          sschneider@proskauer.com

## **VERIFICATION**

STATE OF NEW YORK  )
                                         )
COUNTY OF NEW YORK  )

Anthony Sclafani, being duly sworn, deposes and says:

He is the Administrator of the Pressroom Unions' Welfare Fund and Income Security Annuity Fund, on whose behalf the instant action is brought; he has read the foregoing Verified Petition and knows the contents thereof; and that the contents thereof are true to his knowledge except as to matters therein stated to be alleged on information and belief and that, as to those matters, he believes them to be true.

_____
Anthony Sclafani

Sworn to before me this
____ day of August, 2007

_____
Notary Public

FRAGIDA DIAZ
Notary Public, State of New York
No. 41-4617513
Qualified in Queens County
Commission Expires 6/24/2010