PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PRESSROOM UNIONS' WELFARE FUND and :
INCOME SECURITY ANNUITY FUND, by their :
Trustees, :
                                                                          : 07 Civ. 7603 (VM)
                                                              Petitioners, :
                                                                          : **AFFIDAVIT IN SUPPORT OF**
                       - against -                       : **MOTION FOR JUDGMENT**
                                                                          :
EFFICIENCY PRINTING CO. INC., :
                                                                          :
                                                      Respondent. :
------------------------------------------------------------------X

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF YORK     )

     Sally L. Schneider, being duly sworn, deposes and says:

     1.     I am an attorney at law admitted to practice before this Court.

     2.     I am an associate in the law firm of Proskauer Rose LLP, attorneys for Petitioners, and I am fully familiar with the facts of this case.

     3.     This affidavit is made in support of Petitioners' motion for judgment against respondent Efficiency Printing Co. Inc. ("Efficiency"), and in support of Petitioners' application for costs and attorneys' fees.

4. This action was commenced by the filing of a Petition to Confirm Arbitration Awards in this Court on August 27, 2007.

5. As set forth in the Verified Petition and Memorandum of Law in Support of the Petition, this is a proceeding to confirm awards issued in arbitration proceedings between the Petitioners, the Pressroom Unions' Welfare Fund and Income Security Annuity Fund, and the respondent Efficiency. Jurisdiction of this Court is based on section 301 of the Labor-Management Relations Act of 1947, as amended (29 U.S.C. § 185) (the "Taft-Hartley Act"), section 9 of the Federal Arbitration Act, as amended (9 U.S.C. § 9), and sections 502(a)(3), 502(e) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1132(e) and 1145) ("ERISA").

6. On August 29, 2007, Deborah LaPointe, a licensed process server who is over the age of 18 years and is not a party to this action, served true copies of the Notice of Petition, Verified Petition to Confirm Arbitration Awards and Memorandum of Law in Support of Petition upon respondent Efficiency by personal service on Donna Christie, an agent of the Secretary of State of the State of New York authorized to accept service on behalf of Efficiency pursuant to section 306 of the Business Corporation Law of the State of New York. At that time, Ms. LaPointe paid the statutory $40.00 fee. Ms. LaPointe's Affidavit of Service was filed with the Court on September 4, 2007. A copy of Ms. LaPointe's Affidavit of Service is attached hereto as Exhibit A. Copies of the Notice of Petition to Confirm Arbitration Awards, Verified Petition and Memorandum of Law in Support are attached hereto as Exhibits B, C and D, respectively.

7. Respondent Efficiency, a New York corporation, has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8.  The amounts shown in the Statement of Damages attached hereto as Exhibit E remain justly due and owing and no part thereof has been paid to Petitioners. The amount of costs set forth therein consist of the following items and amounts:

| | | |
|---|---|---|
| a. | Filing fee paid to the Clerk of the Court for the Southern District of New York - | $350.00 |
| b. | Statutory fee paid to the New York Secretary of State in connection with service upon Efficiency (as reflected in Exhibit A, the LaPointe Affidavit of Service) | $ 40.00 |
| | | Total: $390.00 |

9.  Upon information and belief, there is no just reason for delay of entry of a judgment against respondent Efficiency.

Attorneys' Fees

10. Proskauer Rose LLP, a large New York law firm with over 700 attorneys, has, for many years, successfully represented its clients in numerous ERISA and employment-related cases. I was admitted to this Court in 1984, and I have been prosecuting actions for the recovery of employee benefits for more than sixteen (16) years.

11. I acted as lead counsel in this matter, with the assistance of managing clerks from the firm's Managing Attorney's Office who assisted with court filings.

12. The firm billed the Petitioners at the rate of $495 per hour for work performed by me, as my time is typically billed at this rate. For services rendered by the managing clerks, the hourly fee ranged from $145 to $160 per hour. Petitioners seek an award at these rates.

13. I expended 12.25 hours of work on this case, and the managing clerks expended 1.25 hours of work on this case. Petitioners calculated the lodestar by multiplying the hourly

billing rates sought by the adjusted number of hours for which Petitioners seek reimbursement. Based on the aforementioned calculations, Petitioners are seeking attorneys' fees in the amount of $5,881.25. All of the services provided are described in the contemporaneous time records attached hereto as Exhibit F. Descriptions of the work performed are entered into Proskauer Rose LLP's computer system contemporaneously with the performance of the work and are maintained in the ordinary course of business by Proskauer Rose LLP.

14. Each billing entry on the attached time records was reviewed on a monthly basis before being submitted to Petitioners to determine that the time charges were accurate, reasonable and necessarily incurred in the prosecution of this action. Additionally, the billing entries were again reviewed in connection with this application and all appropriate redactions have been made.

15. No prior request has been made for the relief sought herein.

16. As set forth in the proposed Judgment attached hereto as Exhibit G, Petitioners seeks judgment against respondent Efficiency computed as follows:

    a. $37,594.42 for unpaid contributions;

    b. $11,278.33 for interest and liquidated damages, as set forth in the Arbitration Awards;

    c. $9,373.70 for costs and expenses in connection with the arbitration hearings, as set forth in the Arbitration Awards;

    d. $2,850.11 for interest at the rate of 1 ¼ % per month, as set forth in the Arbitration Awards, from the date of the Awards to the date of the Petition;

    e. $390.00 for costs, pursuant to 29 U.S.C. § 1132(g)(2)(D); and

    f. $5,881.25 for attorneys' fees as set forth above, pursuant to 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Petitioners respectfully requests this Court to enter judgment in their favor against respondent Efficiency in the liquidated amount of $67,367.81 for unpaid benefit contributions, interest, liquidated damages, costs and expenses, and attorneys' fees and costs.

*Sally L. Schneider*
Sally L. Schneider

Sworn to before me this
2nd day of November, 2007

*Joan D. Rumm*
Notary Public

JOAN D. RUMM
Notary Public, State of New York
No. 01RU3400450
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Jan. 31, 20__