PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, NY  10036
(212) 969-3803

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PRESSROOM UNIONS' WELFARE FUND and : 
INCOME SECURITY ANNUITY FUND, by their : 07 Civ. 7603 (VM)
Trustees, :
:
                            Petitioners, :
:
       - against - :
:
EFFICIENCY PRINTING CO. INC., :
:
                           Respondent. :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARDS

### Preliminary Statement

This memorandum of law is submitted on behalf of Petitioners, the Pressroom Unions' Welfare Fund and Income Security Annuity Fund (the "Funds"), in support of their petition to confirm the awards in the arbitration proceedings between the Funds and respondent Efficiency Printing Co. Inc. ("Efficiency"). The arbitration awards (the "Awards") were served upon Efficiency. Efficiency, however, has failed to comply with the Awards.

### Statement of Facts

The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance

with section 302(c)(5) the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds provide various health, welfare, annuity and life insurance benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the printing industry and the Graphic Communications Union Local 51-23M G.C.I.U.-A.F.L.-C.I.O. (the "Union"). The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132). (Verified Petition, ¶¶'s 2 and 3).

Respondent Efficiency, an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185), contractually agreed with the Union to be bound by the terms of a collective bargaining agreement with the Union (the "CBA"). (Verified Petition, ¶¶'s 4 and 5).

Pursuant to the CBA, Efficiency agreed to pay monthly contributions to the Funds for all of Efficiency's covered employees. (Verified Petition, ¶ 6).

Efficiency failed to pay its required monthly contributions to the Funds for the months of June 2006 through April 2007. As a result, the Funds served Efficiency by certified mail, return receipt requested, with a demand for arbitration for each failure. (Verified Petition, ¶¶'s 7 and 8).

Arbitration hearings were held on August 31, 2006, September 28, 2006, October 30, 2006, November 30, 2006, December 21, 2006, January 30, 2007, February 26, 2007, March 29, 2007, May 30, 2007 and June 28, 2007. (Verified Petition, ¶ 9, Petition Exh. B).

The Funds were present at each hearing, but Efficiency did not appear. The Arbitrator heard the matters and received evidence submitted by the Funds as to the amount of Efficiency's delinquencies. (Verified Petition, ¶ 10).

After having provided the parties with full and ample opportunity to appear and to present evidence with arguments in support of their respective positions, the Arbitrator issued the written awards (the "Awards"). (Verified Petition, ¶ 11, Petition Exh. B).

Each of the Awards were sent to Efficiency by certified mail, return receipt requested. To date, however, none of the delinquent contributions contractually due to the Funds and no part of the Awards in favor of the Funds have been paid. (Verified Petition, ¶¶'s 12 and 13).

As a result of Efficiency's failure to comply with its contractual and statutory obligations under ERISA, petitioners Funds have been required to employ counsel to enforce the Awards. (Verified Petition, ¶¶'s 14 and 15).

## **ARGUMENT**

I. **THE ARBITRATION AWARDS SHOULD BE CONFIRMED**

Jurisdiction of this proceeding is premised upon section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §185) (the "Taft-Hartley Act"), section 9 of the Federal Arbitration Act, as amended (9 U.S.C. § 9), and sections 502(a)(3), 502(e) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1132(e) and 1145) ("ERISA"), all of which confer jurisdiction on this Court.

This proceeding, which is brought by the Trustees of the Funds, seeks to confirm and enforce the Awards issued within the past year as a result of Efficiency's failure to comply with its contractual and statutory obligation under ERISA to pay contributions to the Funds.

Section 502(a) of ERISA (29 U.S.C. §1132(a)(3)), provides, in pertinent part, that an action may be brought

> by a participant, beneficiary, or fiduciary, (A) to enjoin any act or practice which violates any provisions of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Section 301 of the Taft-Hartley Act grants federal courts the authority to confirm arbitration awards. *Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *Harry Hoffman Printing, Inc. v. Graphic Communication, Int'l Union, Local 261*, 912 F.2d 608, 612 (2d Cir. 1990). In addition, section 9 of the Federal Arbitration Act (the "FAA") provides for judicial enforcement of arbitration awards.

Courts in this circuit have recognized that the "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *see also Barbier v. Shearson Lehman Hutton, Inc.*, 752 F. Supp. 151, 159 (S.D.N.Y. 1990). Judicial review of an arbitration award is extremely limited. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987); *Local 1199, Hosp. & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22, 23 (2d Cir. 1992). Pursuant to section 9 of the FAA, the Court must confirm the award, unless respondent can establish a valid defense under section 10 or 11 of the FAA. *See Barbier*, 752 F. Supp. at 159.

In the present case, none of the grounds for denying the petition to confirm the Awards are present. Accordingly, the Funds' petition should be granted.

4

II. **PETITIONERS SHOULD BE AWARDED THE FULL RELIEF AUTHORIZED BY ERISA**

In actions involving delinquent contributions, section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce § 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> > (A)  the unpaid contributions,
> >
> > (B)  interest on the unpaid contributions,
> >
> > (C)  an amount equal to the greater of-
> >
> > > (i)  interest on the unpaid contributions, or
> > >
> > > (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> >
> > (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E)  such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

Although the specified relief and monetary amounts mandated by sections 502(g)(2)(A), (B) and (C)(ii), pertaining to the unpaid contributions, interest on the unpaid contributions and liquidated damages, are already included in the Awards, the Funds request an order and judgment for each of the aforementioned specified forms of relief, including attorneys' fees and costs incurred in this proceeding, pursuant to ERISA.

III. **PETITIONERS ARE ENTITLED TO RECOVER ATTORNEYS' FEES**

As set forth above, section 502(g)(2)(D) of ERISA requires an award of attorneys' fees and costs incurred in the collection of unpaid contributions. Additionally, in suits to compel

5

compliance with an arbitration award, reasonable attorneys' fees are properly awarded if the party opposing enforcement or failing to comply with the award acted without justification. *International Chemical Workers v. BASF Wyandotte Corp.*, 774 F.2d 43 (2d Cir. 1985); *Synergy Gas Co. v. Sasso*, 853 F.2d 59 (2d Cir. 1988); *Corporate Printing Co. v. New York Typographical Union No. 6*, 1994 WL 376093 (S.D.N.Y. 1994)(Sotomayor, J.).

In the present case, Efficiency has flagrantly refused to comply with the Awards, and it cannot provide justification for its failure to comply with its statutory and contractual obligations. As a direct result of Efficiency's non-compliance, the Funds have incurred costs and legal fees to seek judicial enforcement of the Awards. Thus, under the circumstances, it is respectfully submitted that Petitioners are entitled to an award of attorneys' fees and costs.

## **CONCLUSION**

For all the foregoing reasons, Petitioners respectfully request that the Court issue an Order confirming the Awards and granting the supplemental relief requested, as well as such other relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2007

                                                    PROSKAUER ROSE LLP
                                                    Attorneys for Petitioners

                                                    By: /s/ Sally L. Schneider
                                                         Sally L. Schneider
                                                    1585 Broadway
                                                    New York, NY  10036
                                                    (212) 969-3803

                                                    sschneider@proskauer.com